Catron, Ch. J.
The question presented is, has a guardian the power, and is it his duty, to pay the difference of value in partition of lands, where the superior share is set apart to his wards, as is provided by the act of 1787, ch. 17. This statute expressly so directs. But it is insisted the acts of 1815, ch. 123, and of 1817, ch. 41, repealed so much of the act of 1787 as authorizes the commissioners to charge the more valuable shares with compensation to the inferior.
The act of 1815 assumes, that theretofore commissioners had, in practice, divided by quantity regardless of quality. The assumption was not warranted by the previous practice, is gratuitous, and the statute has no effect.
The act of 1817 is directory to the commissioners to divide by tracts, if the estate will admit of it, and to make the shares as nearly equal as may be. If a return be made violating this provision, and less compensation could have been,. and ought to have been assessed, the court will order another report; but that the statute of 1787 is in force, and authorizes the commissioners to return, and the court to decree compensation, cannot with any safety to titles be called in question: such has been the constant practice and is the recognized law.
*461 Peck, J.
The several acts passed upon the subject of partition of real estates of intestates must be taken in connection and viewed as one act. The language of the act of 1815, ch. 123, sec. 1, does not in express terms repeal any former law, nor can it be inferred from the language that more was intended than to express a desire, that, in divisions to be made in future, commissioners should make the lots of equal value. This was always the law; but it is probable that deviations from the rule in some cases produced the act, and induced the expression therein, “that it maybe lawful for such commissioners to divide, real estates in proportions of equal value and not quantity as heretofore.” I do not believe the practice had been under the previous act to make division according to quantity, in all cases. But even admitting such to have been the practice, the subsequent act of 1817, ch. 41, sec. 3, allows the latitude of making divisions by tracts, or by dividing tracts into small parcels, as shall seem right to said commissioners, and to make division as nearly equal as may be, which shall be returned, &c.
Take these several acts and view them as one act or whole, and it follows, that when the power to make division is delegated to commissioners, it is expected that equal and impartial justice will be done. As it is not in most cases impossible to do this, and divide in portions of equal value, it follows, however desirable to do so, that when it cannot be done, the charge upon parts of more value must be made and remain as before under the act of 1787, ch. 17, sec. 1. If after infinite labor of the commissioners, the end could not be attained, the inequality of the value of parts compared with the rest, local situation, houses, lots, and the like, not admitting of such division, then the last mentioned act must be followed. The heirs having petitioned, and desiring division rather than the sale of the estate, that division must be made by those to whom the matter is referred, as nearly *462 equal as may be. But .certainly it never was intended that after division made and returned, it should be made a valid objection, that though a division was well and regularly made, that objection would lie ort the ground alone that there was a charge upon part of the estate. There are no repealing clauses, and as the acts must stand together, the most that is intended by the latter act is, that equality shall be attained in the division as near as possible, thereby lessening the charge, but not necessarily doing it away.
Green, J.
In making partition of the real estates of intestates among those entitled thereto, by the act of 1787, ch, 17, sec. 1, the commissioners appointed to make such partition were empowered to charge the more valuable „ dividends with such sums as they might judge necessary to be paid to the dividend of inferior value, in order to make an equitable division.
By the act of 1815, ch. 123, sec. 1, it is provided, that, “It shall and may be lawful for such commissioners as may be hereafter appointed by any of the courts of this State having authority to appoint the same, to divide all real estates whether held in joint tenancy or tenancy in common, and also all the real estates of intestates, in proportions of equal value, and not quantity, as heretofore practiced.”
The act of 1817, ch. 41, sec. 3, authorizes lands belonging to any estate, which may lie in different counties, to be divided by tracts or parcels, or by’division of tracts, as may seem right to said commissioners, and to make a division as nearly equal as may be. I am of opinion that the act of 1815, ch. 123, repeals the act of 1787, so far as that act authorized commissioners to charge the person to whom one dividend may be assigned with the payment of money, in order to make the division equitable.
The act of 1815 says, the lands shall be divided “in proportions of equal value.” If this be done then there *463 can be no reason for charging the owner of any of the dividends with the payment of money. But the act further says, “and not quantity as heretofore practised.” The meaning of which, taking the whole section together, is, that it shall not be lawful to divide lands in proportions of equal quantity of acres, as had been practised before, without regard to the relative value of each dividend. The act of 1817 proceeds upon the same idea; divisions are to be “as nearly equal as may be.” Not a word is said in either act about the payment of money by one claimant to another to produce equality, but the equality is required to be brought about by the partition. The proportions assigned to each, in the language of 1815, are to be “of equal value.” If the act of 1815 be obligatory, the act of 1787 cannot remain in force. I therefore am of opinion the guardian had no power to pay the amount charged upon the dividend of the wards.
But the plaintiff had no right to sue. Mrs. Britt had been appointed guardian of these wards, and there appears no order showing that she had been removed. In conferring the appointment upon her, the court exhausted its power, and could not confer any right to act as guardian upon the plaintiff until the removal of the former guardian; then and not before, the right to act upon the subject should be resumed. Therefore, I am of opinion the judgment should be affirmed.
Whyte, J.
The facts of this case present two questions for the opinion of the court; the first arises upon the acts of assembly made for the purpose of authorizing and regulating the division of the real estates of intes-tates between the heirs or legal representatives pf the deceased. The acts of 1787, ch. 17, sec. 1, 1815, ch. 123, sec. 1, and 1817, ch. 41, sec. 3, present the portions of them necessary to be noticed.
The first of these acts, after directing the proper courts *464 to appoint five commissioners to divide and appropriate the estate among the claimants, empowers these commissioners to charge the more valuable dividend or dividends with such sum or sums as they; shall judge neces sary, to be paid to the dividend or dividends of inferior value, in order to make an equitable division; which sum or sums, so charged, shall be paid to the. owner or owners of the dividend or dividends of inferior value, or to the guardian or guardians for, and on account of the minors, within one year after the commissioners shall have made a return of their proceedings. The second of these acts says, it shall and may be lawful for such commissioners as may hereafter be appointed by any of the courts of this State having authority to appoint the same, to divide all real estates,- whether held in joint tenancy or tenancy in common, and also all the real estate of intestates, in portions of equal value and not quantity as heretofore practised.
Now the understanding and meaning of the legislature in these two acts is plain and clear, and also its expression; it cannot be misunderstood. The first requires the -dividends of the claimants, or those interested, to consist of equal quantities of land, but not that all of these should be absolutely of the same value; but that the more valuable dividends should pay to the less Valuable such sum of money as would produce equality in value. The requirement of the second act is different; by it the dividends are to be of equal value in land, not of equal quantity of land: a dividend or share under the first may consist of land and money, but a dividend or share under the second act must consist of land only.
These acts being thus different and inconsistent, cannot possibly stand together; the second act being the latest, must, by the rules for the construction of statutes, operate a virtual repeal of the first or oldest. The third act is a tacit confirmation of this construction given to the second act; for in a case where the lands of an intestate lie in more counties than one, the act says it *465 shall and may be lawful for the commissioners to divide said estate by tracts, if said estate will admit oí a dms-ion in that manner, or by dividing said tracts or parts thereof into smaller parcels, as shall seem right to such commissioners, and to make division as nearly equal as may be. Thus losing sight of every other subject ox-means of producing equality of share or dividend, but of, and by the subject of the land itself.
I give no opinion on the second question presented by the facts on the record.
Judgment affirmed.